UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,           )
                                    )
            Petitioner,              )
                                    )
     v.                              )
                                    )
STUART WEISS, PRESIDENT,             )
NEW JERSEY AUTO REPAIR, INC.,        )
                                    )
            Respondent.              )

**PETITION TO ENFORCE INTERNAL REVENUE SUMMONS**

The United States of America, by its attorney, Wifredo A. Ferrer, United States Attorney in and for the Southern District of Florida, avers to this Court as follows:

I

This proceeding for enforcement of an Internal Revenue Service ("Service") summons is brought pursuant to §§ 7402(b) and 7604(a) of the Internal Revenue Code of 1986 (26 U.S.C.). This Court has jurisdiction of this action pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) and 28 U.S.C. §§ 1340 and 1345.

II

S. Strader is a revenue officer of the Internal Revenue Service, employed in the Office of the Area Director, Small Business Self Employed Collection Division, Internal Revenue Service, South Atlantic Area, Fort Lauderdale with a post of duty in Plantation, Florida. As a revenue officer, she is authorized

to issue Internal Revenue Service summons pursuant to the authority contained in 26 U.S.C. § 7602.

### III

The respondent, Stuart Weiss, President, New Jersey Auto Repair, Inc., conducts business in Pompano Beach, Florida, which is within the jurisdiction of this Court.

### IV

Revenue Officer S. Strader is conducting an investigation for the purpose of determining the federal income tax liabilities (Form 1120) of New Jersey Auto Repair, Inc. for the taxable periods ending February 28, 1998, February 28, 2000, February 28, 2001, February 28, 2003, February 28, 2004, February 28, 2005, February 28, 2006, February 28, 2007 and February 28, 2008 and for the purpose of inquiring into any offense connected with the administration or enforcement of the Internal Revenue laws for the periods under investigation.

### V

As part of the investigation, on February 4, 2010, Revenue Officer Strader issued an Internal Revenue Service summons (Form 2039) directing the respondent to appear before the revenue officer, or any other designated agent of the Internal Revenue Service, on March 2, 2010 to give testimony and to produce for

examination and copying certain books, records, papers, or other data, as described the said summons. An attested copy of the summons was served on the respondent by Revenue Officer Strader on February 4, 2010, by handing an attested copy of the summons to the person to whom it was directed. A copy of the summons is attached to the declaration of Revenue Officer Strader as Exhibit A-1 and incorporated herein by reference.

VI

On March 2, 2010, the respondent failed to appear in response to the summons and did not provide testimony or documentation as requested in the summons.

VII

On April 7, 2010, Associate Area Counsel sent a letter to the respondent offering another opportunity to appear, this time before Revenue Officer Strader on April 27, 2010, to satisfy the summons. A copy of that letter is attached to the declaration as Exhibit A-2. The respondent was not responsive.

VIII

The respondent's refusal to comply with the summons with respect to the taxable continues to the date of this petition.

IX

The respondent has in his possession, custody, or control information, books, records, papers, and other data which may be relevant and material to the investigation with respect to the determination of the income tax liabilities for the taxable periods ending February 28, 1998, February 28, 2000, February 28, 2001, February 28, 2003, February 28, 2004, February 28, 2005, February 28, 2006, February 28, 2007 and February 28, 2008.

X

It is necessary and relevant to obtain the testimony and to examine the books, records, papers, and other data sought by the summons for the taxable periods ending February 28, 1998, February 28, 2000, February 28, 2001, February 28, 2003, February 28, 2004, February 28, 2005, February 28, 2006, February 28, 2007 and February 28, 2008 in order to determine the federal income tax liabilities of New Jersey Auto Repair, Inc. for the taxable periods ending February 28, 1998, February 28, 2000, February 28, 2001, February 28, 2003, February 28, 2004, February 28, 2005, February 28, 2006, February 28, 2007 and February 28, 2008.

XI

1.      While the Internal Revenue Service may have some information sought by the summons, e.g. Wage Tax Statements (Form W-2) and/or Form 1099 related to the respondent, this information is insufficient to allow the agency to make a determination as to the respondent's federal income tax liabilities for the taxable periods ending February 28, 1998, February 28, 2000, February 28, 2001, February 28, 2003, February 28, 2004, February 28, 2005, February 28, 2006, February 28, 2007 and February 28, 2008. Indeed, other than as noted above, information, books, records, papers, and other data, are not already in the possession of the Internal Revenue Service.

## XII

All administrative steps required by the Internal Revenue Code for the issuance of a summons have been taken.

## XIII

A Justice Department referral, as defined by § 7602(c)(2) of the Internal Revenue Code of 1986, is not in effect as to the federal income tax liabilities of New Jersey Auto Repair, Inc. for the taxable periods ending February 28, 1998, February 28, 2000, February 28, 2001, February 28, 2003, February 28, 2004, February 28, 2005, February 28, 2006, February 28, 2007 and February 28, 2008.

WHEREFORE the petitioner respectfully prays:

1. That this Court enter an order directing the respondent to show cause, if any, why he should not comply with and obey the aforementioned summons with respect to Stuart Weiss, President, New Jersey Auto Repair, Inc. for the taxable periods ending February 28, 1998, February 28, 2000, February 28, 2001, February 28, 2003, February 28, 2004, February 28, 2005, February 28, 2006, February 28, 2007 and February 28, 2008 and each and every requirement thereof;

2. That the Court enter an order directing the respondent to appear before Revenue Officer S. Strader, or any other designated officer of the Internal Revenue Service at such time and place as may hereafter be fixed by Revenue Officer Strader and/or her designee, and to give testimony and produce for examination and copying the books, papers, records, or other data concerning federal income tax liabilities of New Jersey Auto Repair, Inc. for the taxable periods ending February 28, 1998, February 28, 2000, February 28, 2001, February 28, 2003, February 28, 2004, February 28, 2005, February 28, 2006, February 28, 2007 and February 28, 2008 as demanded by the summons;

3. That the United States recover its costs in maintaining this action; and

4. That this Court grant such other and further relief as it deems just and proper; and

5. That this Court further order that petitioner be given thirty (30) days from the date of the Order within which to serve respondent with the same.

                                    WIFREDO A. FERRER
                                    UNITED STATES ATTORNEY

                                  _*Marilynn K. Lindsey*_____
                                  Marilynn K. Lindsey
                                  Assistant U.S. Attorney
                                  Fla. Bar NO.: 230057
                                  500 E. Broward Blvd., Ste. 700
                                  Ft. Lauderdale, FL  33394
                                  <u>Marilynn.Lindsey@usdoj.go</u>